**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KAMERON TODD MYERS, a/k/a Casper,

    Defendant - Appellant.

No. 20-5028
(D.C. No. 4:19-CR-00154-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **EID**, Circuit Judges.
_____

Kameron Todd Myers pleaded guilty to carjacking and associated firearms

offenses pursuant to a plea agreement with the government under Federal Rule of

Criminal Procedure 11(c)(1)(C). In the plea agreement, the parties stipulated to a

sentence of 14 years' imprisonment and three years of supervised release. At the

sentencing hearing, the district court accepted the plea agreement and sentenced

Mr. Myers to 14 years' imprisonment but imposed five-year terms of supervised

released on two of the firearms counts.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Myers appealed, challenging his sentence. The government then filed a motion to enforce the waiver of appellate rights contained in the plea agreement. The parties have since filed a joint motion to remand to the district court for resentencing. In the joint motion, the government and Mr. Myers agree that the district court plainly erred in imposing a supervised release term other than was agreed upon in the Rule 11(c)(1)(C) plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C) (stating that the sentencing recommendation or request contained in the plea agreement "binds the court once the court accepts the plea agreement"). The government also states in the motion that "it does not seek to enforce the waiver to the extent it applies to the error as to the length of supervised release." Joint Mot. to Remand at 3.

Consequently, we grant the parties' joint motion to remand, vacate the judgment, and remand to the district court for resentencing. The motion to enforce the appeal waiver and motion for stay are denied as moot.

Entered for the Court
Per Curiam

2